# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-23-00223-CV

---

**Shereen Jordan, Appellant**

**v.**

**Justin Jordan, Appellee**

---

### FROM THE 22ND DISTRICT COURT OF HAYS COUNTY
### NO. 22-0977, THE HONORABLE KARL HAYS, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Appellant Shereen Jordan, representing herself pro se, seeks to appeal the trial court's denial of her "motion to modify temporary orders" in a suit affecting the parent-child relationship (SAPCR). Jordan also seeks to appeal the trial court's order denial of her "motion to cancel sanctions." The trial court issued the sanctions against Jordan after finding that she had failed to respond to certain discovery in the suit. *See* Tex. R. Civ. P. 215.3.

On June 12, 2023, the Clerk of this Court advised Jordan that it appears that this Court lacks jurisdiction over this matter because this Court's jurisdiction is limited to appeals from final judgments and certain interlocutory orders as permitted by statute. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001) (explaining that "the general rule, with a few mostly statutory exceptions, is that an appeal may be taken only from a final judgment"). The Clerk requested that Jordan file a response by June 19, 2023, explaining how this Court may exercise jurisdiction over this appeal.

Although Jordan filed a response to the Clerk's notice, she has failed to identify a final judgment or appealable order. As Jordan acknowledges in her response, no final judgment has been signed in the SAPCR, and neither the trial court's discovery sanction order nor its temporary orders are reviewable by interlocutory appeal. *See George v. Sabre Updates, Inc.*, No. 10-22-00109-CV, 2022 Tex. App. LEXIS 6347, at *5 (Tex. App.—Waco Aug. 24, 2022, pet. denied) (mem. op.) ("Discovery sanction orders are not appealable interlocutory orders." (citing Tex. Civ. Prac. & Rem. Code § 51.014(a))); *Perkins v. Perkins*, No. 03-21-00135-CV, 2021 Tex. App. LEXIS 5386, at *1 (Tex. App.—Austin July 7, 2021, pet. denied) (mem. op.) ("The Texas Family Code specifically precludes the interlocutory appeal of temporary orders, except those appointing a receiver." (citations omitted)); *see also* Tex. Fam. Code §§ 105.001(e), 109.001(c) (temporary orders not subject to interlocutory appeal). Consequently, Jordan has failed to demonstrate how this Court may exercise jurisdiction over this appeal.

Consequently, we dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a).

_____

Chari L. Kelly, Justice

Before Chief Justice Byrne, Justices Kelly and Theofanis

Dismissed for Want of Jurisdiction

Filed: July 13, 2023

2